# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Posie Phillips and Ethel Phillips,**
**Plaintiffs Below, Petitioners**

**vs) No. 12-0292** (Wyoming County 01-C-137)

**Bryce Phillips and Pauline Phillips,**
**Respondents Below, Respondents**

**FILED**

June 28, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioners Posie Phillips and Ethel Phillips, by counsel, Jason R. Grubb, appeal the circuit court's order entered October 23, 2011, denying their petition for an injunction. Bryce Phillips and Pauline Phillips, by counsel James G. Anderson, III, filed a response in support of the circuit court's order. Petitioners have filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioners filed suit in this case in August of 2001 to dispute the legality of a road on their property to respondents' property. In March of 2004, the circuit court held that respondents had a prescriptive easement to use the road for ingress and egress to their property, and that petitioners' fence needed to be removed to permit respondents access to the road. This Court denied petitioners' appeal on December 2, 2004. In April of 2005, respondents filed a contempt petition for failure to remove the fence, as ordered in March of 2004. In May of 2005, petitioners filed a "motion for clarification of order" asking the circuit court to "clearly define" the boundary line. In a July of 2005 order, the circuit court ordered petitioner to remove four metallic fence posts and the attached fence on each side of the road. In November of 2009, petitioners filed a "renewed motion to clarify the court's prior order and petition to hold defendants in contempt of court." In November and December of 2010, petitioners notified then-counsel that they wished to retain different representation, but by the time of the trial in March of 2011, petitioners had not secured new counsel, and failed to appear at trial. Respondents presented testimony and arguments in petitioners' absence and the circuit court found a twenty-five foot wide prescriptive easement. Petitioners moved for a new trial, which was granted, but petitioners were ordered to pay attorney's fees for the previous trial due to their absence and failure to secure representation for the trial. At the new trial, in August of 2011, the court again found a prescriptive right-of-way, but reduced its width to thirteen feet and respondents were given the right to improve and maintain

1

the right-of-way, including paving. Petitioners were granted a restraining order preventing paving until the outcome of this appeal is determined.

On appeal, petitioners raise three assignments of error: (1) that the circuit court erred in permitting paving of the easement because paving exceeds the scope of the prescriptive easement, (2) that the circuit court erred in awarding attorney's fees to respondents prior to granting the new trial, and (3) that the circuit court erred in finding that the width of the prescriptive right-of-way was thirteen feet. First, petitioners argue that the scope of the easement was for an unpaved easement and that to permit paving would be an impermissible expansion of the easement. Respondents argue that, while this Court has not addressed the question of paving a prescriptive easement, an improvement to an easement should be permitted if it does not unreasonably increase the burden on the subservient estate. Second, petitioners argue that the award of attorney's fees was inappropriate due to Rule 59(a) of the West Virginia Rules of Civil Procedure, which describes when a court may grant a new trial. Respondents argue that even if petitioners did not waive their argument against all attorney's fees when they argued the fees should be lower, courts are permitted to use equitable principles to award respondents with an amount commensurate to the harm done by petitioners. Finally, petitioners argue that the road was widened, due to the testimony of the surveyor who testified that he measured the road and it was wider than it had previously been. Respondents stated that the surveyor had, in fact, measured the width of the road at 12.6 feet, and that the measurement should be the basis for the finding of thirteen feet. Petitioners reply that Mr. Looney's testimony that the road had been ten feet wide previously, but 12.6 feet wide now, was not refuted.

> In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review. Syllabus Point 1, *Public Citizen, Inc. v. First National Bank*, 198 W. Va. 329, 480 S.E.2d 538 (1996).

*Rosier v. Rosier*, 227 W.Va. 88, 97, 705 S.E.2d 595, 604 (2010) (per curiam).

The Court has carefully considered the merits of each of petitioners' arguments as set forth in their petition for appeal. The circuit court did not abuse its discretion in permitting paving because petitioners did not make any showing that paving the road would be unreasonably burdensome on them. The circuit court did not abuse its discretion in requiring petitioners to pay respondents' attorney's fees for the day of the trial when petitioners did not appear. The circuit court was not clearly wrong in finding the width of the right-of-way to be thirteen feet, given the testimony that it was measured to be 12.6 feet wide.

For the foregoing reasons, we affirm.

Affirmed.

2

**ISSUED**:  June 28, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II